UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jean Herode Sylvain

v. Civil No. 26-cv-717-LM-AJ

Strafford County Department of Corrections, Superintendent

O R D E R

The motion to dismiss (doc. no. 9) is denied. Charitably construed, the pro se petition raises two plausible claims: (1) a claim that petitioner's detention is unlawful because ICE failed to comply with applicable regulations before terminating his post-removal-order release, see Mejia v. US Immigr. & Customs Enforcement & Removal Ops., 828 F. Sup. 3d 273, 278-280 (D.N.H. 2026), appeal dismissed sub nom., Mejia v. Wesling, No. 26-1755 (1st Cir. July 10, 2026), and (2) a claim that the government is attempting to remove him to a country not listed in his removal order without adequate notice and an opportunity to be heard. Despite receiving an extension (over the petitioner's objection) of the time within which to respond to the petition, the government's merits response to the petition (doc. no. 9) seeks dismissal of all of petitioner's claims on the sole ground that respondents' unexplained decision to release him from custody following initiation of this action renders it moot. Not even the government's reply brief (doc. no. 12) addresses petitioner's third-country-removal challenge. As respondents have given no reason for their decision to voluntarily release petitioner from custody and no assurance

that they will not detain him again, they have not demonstrated that petitioner's detention claim is moot. In re Fin. Oversight & Mgmt. Bd., 16 F.4th 954, 961-62 (1st Cir. 2021) (discussing "formidable burden" of showing that a defendant's voluntary cessation of challenged conduct moots a case). As for petitioner's claim challenging the adequacy of the procedures afforded him before any attempted removal to Mexico, the legality of the government's present third-country removal policies is currently the subject of litigation before the United States Supreme Court. DHS v. D.V.D., No. 26-426, 2026 WL 2917860, at *1 (U.S. Sept. 29, 2026). As the respondents have provided the court with no information as to whether they continue to intend to remove petitioner to Mexico, and in order to avoid the possibility of issuing inconsistent rulings, the court exercises its inherent discretion to stay this proceeding pending resolution of the D.V.D. litigation in the Supreme Court. See Gray v. Gray, Civ. No. 22-cv-560-SM-AJ, 2025 WL 1124621, at *2-3 (D.N.H. Apr. 16, 2025). Respondents shall file a supplemental response to the petition within 14 days of the Supreme Court's ruling in D.V.D. Doc. no. 3's requirements regarding advance notice of removal remain in effect.

SO ORDERED.

Landya McCafferty
United States District Judge

November 18, 2026

cc: Jean Herode Sylvain, pro se
Counsel of Record